IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MAURY SWINFORD | § | |
| v. | § | CIVIL ACTION NO. 9:09cv96 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PETITIONER'S MOTION FOR DEFAULT JUDGMENT

The Petitioner Maury Swinford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 challenging the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued an order for the Respondent to answer the petition. This order was issued on June 15, 2009, but was not received by the Respondent until August 12, 2009.

On August 14 and September 2, 2009, Swinford filed motions which in effect sought a default judgment. On September 22, 2009, the Magistrate Judge issued a Report recommending that the motions for default be denied, noting the delay in receipt by the Respondent of the order to answer as well as the fact that default judgments are generally not available in habeas corpus proceedings. Swinford filed objections to the Magistrate Judge's Report on October 5, 2009, stating that the order was electronically sent to the Respondent and he does not understand how an electronic message could have taken 61 days to arrive, and that he would like the record to show how this happened; Swinford says that the Court merely took the Respondent's word for the delay. He says that the Respondent has had the order to answer since the day it was issued and has had more

1

than enough time in which to answer, and repeats his request for judgment in his favor. Swinford makes no mention of the fact that default judgment is generally not available in habeas corpus proceedings, as the Magistrate Judge observed.

The delay in receipt is evident from the docket sheet, although the reason for this delay is not known. While this delay was unfortunate, it does not entitle Swinford to judgment in his favor, nor does it show default on the part of the Respondent. In addition, tardiness on the part of the Respondent in a habeas proceeding is not itself grounds for granting the petition. Broussard v. Lippmann, 643 F.2d 1131, 1134 (5th Cir. 1981). Swinford's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motions for issuance of the writ of habeas corpus (docket no. 14) and motion for summary judgment (docket no. 15) are hereby DENIED.

**SIGNED** this the 8 day of **October, 2009.**

_____
Thad Heartfield
United States District Judge