IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MAURY SWINFORD | § | |
| v. | § | CIVIL ACTION NO. 9:09cv96 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Maury Swinford, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Swinford complains of a disciplinary case which he received for failure to obey an order and being out of place. He complained that the hearing officer had already found him guilty and filled out the punishment portion of the form before the hearing, the Safe Prisons Program manager refused to go into the hearing officer's office to "verify his biased position," he was not allowed to call witnesses or question the witnesses who wrote statements, the hearing officer would not let him submit documentary evidence which had been accepted in an earlier hearing on the same disciplinary case, and the hearing officer cut him off, interrupted him, cursed and yelled at him, and would not let him make a full statement.

The Magistrate Judge ordered the Respondent to answer the petition, and Swinford filed a response to the answer. The Magistrate Judge also received and reviewed copies of the state records, including a tape of the disciplinary hearing.

On April 12, 2010, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Swinford offered no evidence that the hearing officer, Captain Baggett, had found him guilty prior to the hearing or that the Safe Prisons Program officer, Teresa Vargas, had refused to go into Baggett's office, nor did Swinford show what Vargas would have discovered had she done so. The Magistrate Judge also stated that Swinford said that he wanted the same witnesses called in the second hearing as had been called in the first one, and that Baggett said that the statements from these witnesses were already in the record. The charging officer, Captain Quada, did testify at the second hearing by telephone, and Swinford's counsel substitute was able to cross-examine Quada.

The Magistrate Judge noted that Swinford's witnesses were not denied at the second hearing, but only their live testimony, inasmuch as the evidence which they would have presented was already in the record through their witness statements. Although Swinford complained that he was not allowed to submit documentary evidence, he did not identify what evidence he wished to submit. Finally, the Magistrate Judge said, although the tape of the hearing showed that Baggett did interrupt Swinford a number of times, and that some of their exchanges became rather testy, there was no "hollering" or "cursing," and Swinford did not show that he was unable to make a statement or that he was denied a meaningful opportunity to be heard. The Magistrate Judge therefore recommended that the petition be dismissed and that Swinford be denied a certificate of appealability *sua sponte*.

Swinford filed objections to the Magistrate Judge's Report on April 29, 2010. In his objections, Swinford says first that the Magistrate Judge erroneously construed his claim as though he was "just walking around the unit at will," when in fact he had a pass to go to the law library and was being escorted there. He states that Quada, the law library supervisor, had no justification to deny him access to the law library on the basis that he was not escorted, when there is no requirement of such an escort.

The facts as presented at the hearing show that while Swinford was on his way to the law library, he stopped to talk to Lt. Jeffcoat. After doing so, he proceeded down the hall, but Quada told him that he had to return to his cell, because when the medium custody inmates going to the law library arrived there, the officers discovered that Swinford was not among them. He went back down the hall and told Jeffcoat that he was being denied admission to the law library. Quada came up and ordered him twice to return to the cellblock, but Swinford refused. Quada grabbed him while he was talking to Jeffcoat, and he was taken back to his cellblock.

Whether or not the medium custody inmates, including Swinford, require an escort to the law library is irrelevant to this case, which concerns the disciplinary case which Swinford received for allegedly refusing to obey the order to return to the cellblock and being out of place by being in the hallway when he was supposed to be in the law library. In addition, the Fifth Circuit has stated that the federal district courts do not conduct *de novo* factual reviews of prison disciplinary cases. Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981). This objection is without merit.

Next, Swinford says that inmates who wish to file grievances must make an attempt at informal resolution, and so when he stopped to talk to Jeffcoat on his way back from the law library with Quada, he was only following prescribed procedures. He states that he wanted Jeffcoat to tell Quada that he had given Swinford permission to speak with him, so that he could resolve the issue of whether or not Swinford required an escort to the law library. Once again, this contention is irrelevant. In addition, even were it relevant, this claim would not show that Swinford was denied due process, but merely that the hearing officer may have arrived at the wrong conclusion. The Fifth Circuit has held that in the context of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making. McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). This objection is without merit.

Third, Swinford complains that items of documentary evidence, these being an access to courts policy and an administrative directive, were not admitted into evidence or considered by the hearing officer. The disciplinary hearing record contains a copy of the access to courts policy, and

3

while the administrative directive does not appear to be included, Swinford fails to show that this lack of inclusion amounts to a constitutional violation. Even if the administrative directive was included in the record in the first hearing and not the second, and this violated TDCJ regulations, the Fifth Circuit has stated that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Furthermore, a copy of a prison administrative directive is not "evidence" in the sense that a statement from a witness is evidence, and Swinford offers no reason to suppose that the hearing officer was unfamiliar with the regulation or otherwise could not consider it, whether or not a copy of the regulation actually appeared in the record. His objection on this ground is without merit.

Swinford next cites the TDCJ disciplinary rules as saying that if witnesses are denied, a written explanation must be provided in the hearing record. The hearing record in this case reflects that the written witness statements were part of the record. As the Magistrate Judge said, Swinford has no constitutional right to have live testimony, as opposed to written statements, introduced into evidence on his behalf. Whether or not the hearing record did not fully comport with the TDCJ disciplinary rules, Swinford has failed to show a constitutional violation. His objection on this point is without merit.

Swinford goes to assert that he was "cut off, interrupted, talked over, cursed at, and otherwise intimidated" during the hearing. He says that the Director acknowledged that the recording of the hearing is somewhat distorted, rendering portions of the tape indecipherable, appearing to argue that this fact is itself a due process violation. This claim is raised for the first time in his objections to the Report, and so is not properly before the district court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Even were it properly before the Court, there is no constitutional right to a pristine tape of a disciplinary hearing. The record is sufficient for review of the proceedings. Swinford's objection on this point is without merit.

4

Swinford next notes that the Magistrate Judge acknowledged the verbal sparring between himself and the hearing officer, and says that because he was tried by a "partial judge," he is entitled to a new trial. As the Magistrate Judge said, in order to prevail on this claim, Swinford must show that the hearing officer "presented such a hazard of arbitrary decision-making that it should be held violative of due process of law." In reviewing this contention, however, the Court must keep in mind that prison disciplinary proceedings are not criminal proceedings, and so the hearing officers are not held to the same standards of neutrality as adjudicators in other contexts. *See* Frank v. Larpenter, 234 F.3d 706 (Table), 2000 WL 1598076 (5th Cir., October 3, 2000). In Frank, the prisoner, Andrew Frank, had previously filed a lawsuit against an officer named Monroe, which had resulted in a settlement. After Frank arrived at the 2Terrebone Parish Criminal Justice Complex, he was taken before a disciplinary panel to hear charges that he had violated jail regulations, and Monroe was chairman of the panel. Frank asked Monroe to recuse himself, and Monroe refused. Frank subsequently filed suit under Section 1983, alleging that the panel was not impartial because of Monroe's participation. The lawsuit was dismissed for failure to state a claim, and the Fifth Circuit affirmed the dismissal, noting that "the extent of impartiality in prison disciplinary proceedings must be gauged with due regard for the fact that they take place in a closed, tightly controlled environment in which guards and inmates co-exist in direct and intimate contact."

In the present case, while it is true that some of the exchanges between Swinford and the hearing officer were testy, and the hearing officer did interrupt Swinford several times,[1] these facts by themselves do not show that the hearing officer failed to consider the facts and evidence in arriving at his decision, or that his decision was influenced by factors other than the testimony and the record. When viewed under the standards set out by the Fifth Circuit in Frank, Swinford's claim

---

[1] Swinford says that at one point, the hearing officer told him to "shut the f*** up, don't say another f***ing word until I tell you to." These alleged remarks cannot be heard on the disciplinary tape.

that the hearing officer was not impartial fails to set out a constitutional claim for relief, and so his objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Maury Swinford is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the 3 day of **June, 2010.**

_____
Thad Heartfield
United States District Judge